## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL NAPOLI<br>949 Maple Avenue<br>Glenolden, PA 19036 | : CIVIL ACTION NO. _____ |
|                Plaintiff, | : **JURY TRIAL DEMANDED** |
|    v. | : |
| GREENWOOD GAMING AND<br>ENTERTAINMENT, INC., d/b/a<br>PARX CASINO<br>2999 Street Road<br>Bensalem, PA 19020 | : |
|          Defendant. | : |

### COMPLAINT – CIVIL ACTION

Plaintiff, Michael Napoli ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Greenwood Gaming and Entertainment, Inc., d/b/a Parx Casino ("Defendant"), alleges as follows:

1.    Plaintiff brings this Complaint contending that Defendant has violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"), by failing to engage in an interactive process of determining a reasonable accommodation for his disabilities; by discharging Plaintiff on account of his disabilities; and in retaliation for requesting a reasonable accommodation in connection thereto.

### PARTIES

2.    Plaintiff Michael Napoli is an adult American citizen residing at 949 Maple Avenue, Glenolden, PA 19036.

3.      Upon information and belief, Defendant Greenwood Gaming and Entertainment, Inc., d/b/a Parx Casino is a domestic corporation existing under the laws of the Commonwealth of Pennsylvania with a registered business address of 2999 Street Road, Bensalem, PA 19020.

### JURISDICTION AND VENUE

4.      Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.      On or about July 31, 2017, Plaintiff filed a Complaint with the United States Equal Employment Opportunity Commission (the "EEOC"), which was dually-filed with the Pennsylvania Human Relations Commission (the "PHRC"), thereby satisfying the requirements of 42 U.S.C. §§ 12117(a); 2000e-5(b) and (e).  Plaintiff's Complaint was docketed as EEOC Case Number: 530-2017-03510.  Plaintiff's Complaint was filed within one hundred and eighty (180) days of the unlawful employment practice, i.e. discrimination on account of a disability.

6.      By correspondence dated April 24, 2018, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge of Discrimination, advising him that he had ninety (90) days to file suit against Defendant.

7.      On or about July 16, 2018, within the relevant statutory timeline, Plaintiff filed the instant matter.

8.      Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

9.      This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"),

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the ADA claim.

12.     The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTS

13.     Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14.     On or about August 2016, Defendant hired Plaintiff as a Table Games Dealer.

15.     At all times material hereto, Plaintiff performed his job duties well, receiving positive feedback and no justifiable discipline.

16.     Plaintiff suffers from a series of podiatric health conditions, including but not limited to chronic plantar fasciitis, bilateral tarsal tunnel syndrome, heel spurs, and bilateral achilles damage, each of which are disabilities within the meaning of the ADA and the PHRA in that they substantially impair Plaintiff's ability to perform major life activities, including but not limited to standing for extended periods, bending, and lifting.

17.     Defendant utilizes a "point" system with respect to its employee discipline policy.

18.     By way of example, after an employee accrues a particular number of points, said employee is subject to discipline, up to and including termination.

19.     Defendant's policy addresses, among other matters, employee absences and discipline connected thereto.

20.     The aforesaid policy does not, however, address employees with disabilities and/or whether disability-related absences are exempt from discipline, in any circumstance.

21.     In this regard, Defendant's policy facially violates the ADA and the PHRA in that it fails to accommodate employees with disabilities who may require occasional leave.

22.     Additionally, the policy precludes Defendant from engaging in the interactive process as required by the ADA and the PHRA with employees who have disabilities and require reasonable accommodations in the form of occasional leave, such as Plaintiff.

23.     In or about January 2017, Plaintiff was diagnosed with deep vein thrombosis of his right arm, as he developed a significant blood clot subsequent to a cardiac catheterization procedure in connection with diastolic heart failure.

24.     Both deep vein thrombosis and diastolic heart failure are disabilities within the meaning of the ADA and the PHRA in that they substantially impair Plaintiff's ability to perform major life activities.

25.     On or about January 25, 2017 and January 29, 2017, Plaintiff called out of work with respect to his deep vein thrombosis, which constituted a request for a reasonable accommodation within the meaning of the ADA and the PHRA.

26.     Shortly thereafter, Defendant notified Plaintiff that, per its policy, Plaintiff was assigned additional "points" because one of the days on which Plaintiff called out was designated as a "high volume day."

27.     On or about January 26, 2017, Plaintiff notified Becky McCormick ("Ms. McCormick"), Supervisor, that his prior day call out was the result of his disabilities, including deep vein thrombosis.

28.     Ms. McCormick directed Plaintiff to speak with Johanna (last name unknown) ("Johanna LNU"), Scheduling Director.

29.     However, when Plaintiff approached Johanna LNU with documentation from his physician regarding his disabilities and request for accommodation in the form of occasional time off and/or schedule modification, Johanna LNU refused to review his documentation, remarking "I don't want to hear it."

30.     In or about late January 2017, Plaintiff informed Johanna LNU that his deep vein thrombosis condition had progressed and that he required surgical intervention in connection with same.

31.     Plaintiff informed Johanna LNU that his physician estimated he would require six (6) weeks of leave to recover from same.

32.     On or about February 1, 2017, Johanna LNU initially remarked "I think we can accommodate you," and directed Plaintiff to call Ben (last name unknown) ("Ben LNU"), Scheduler.

33.     When Plaintiff contacted Ben LNU, Ben LNU placed Plaintiff's call on hold and transferred Plaintiff to Johanna LNU, who instructed Plaintiff to return his uniforms to Defendant and requested that Plaintiff sign documentation agreeing to resign from his employment.

34.     Plaintiff refused to complete resignation paperwork.

35.     On or about February 2, 2017, Plaintiff contacted Ben LNU and informed Ben LNU that Plaintiff could not electronically access Defendant's scheduling roster.

36.     Ben LNU initially informed Plaintiff that Ben LNU would contact Human Resources and follow up with Plaintiff regarding same.

37.     Shortly thereafter, Ben LNU informed Plaintiff that Plaintiff had been terminated from employment for exceeding Defendant's point limit with respect to Plaintiff's absences.

38.     Defendant knew of Plaintiff's disabilities and never offered to provide reasonable accommodations for Plaintiff's disabilities.

39.     Accordingly, it is believed and therefore averred that Defendant terminated Plaintiff's employment on account of his disabilities, in retaliation for Plaintiff requesting an accommodation, and out of an unlawful desire to avoid providing an accommodation for Plaintiff's anticipated recovery period.

40.     Defendant failed to provide Plaintiff with a reasonable accommodation for his disabilities and failed to engage in the interactive process to determine such reasonable accommodations.

41.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

**COUNT I**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION AND RETALIATION**

42.     Paragraphs 1 through 41 are hereby incorporated by reference as though the same were fully set forth at length herein.

43.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

44.     At all times relevant hereto, Defendant had at least fifteen (15) employees.

45.     Plaintiff is a qualified individual with a disability within the meaning of the ADA.

46.     As described above, Plaintiff's conditions are physical impairments that substantially limited Plaintiff in one or more major life activities.

47.     Defendant was aware of Plaintiff's disabilities.

48.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of his disabilities.

49.     Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation.

50.     As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.      Pre-judgment interest in an appropriate amount;

E.      Such other and further relief as is just and equitable under the circumstances; and

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, et seq.**
**DISCRIMINATION AND RETALIATION**

51.     Paragraphs 1 through 50 are hereby incorporated by reference as if the same were more fully set forth at length herein.

52.     At all times relevant hereto, Plaintiff was an employee within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

53.     At all times relevant hereto, Defendant had at least four (4) employees.

54.     Plaintiff is a qualified individual with a disability within the meaning of the PHRA.

55.     As described above, Plaintiff's conditions are physical impairments that substantially limited Plaintiff in one or more major life activities.

56.     Defendant was aware of Plaintiff's disabilities.

57.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the PHRA by terminating Plaintiff on account of his disabilities.

58.     Defendant also failed to engage in the interactive process with Plaintiff despite Plaintiff's requests for a reasonable accommodation.

59.     As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

      A.      Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

      B.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

      C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

      D.      Pre-judgment interest in an appropriate amount;

      E.      Such other and further relief as is just and equitable under the circumstances; and

      F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:  _____

Michael Murphy, Esquire
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
215.375.0961 or 267.273.1054
murphy@phillyemploymentlawyer.com
Attorney for Plaintiff

Dated: 7/17/18

10

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.